# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

MICHAEL GIBBS

    Petitioner,

v.                                                       Case No. 1:16-cv-01231-JDB-egb

GRADY PERRY,

    Respondent.

## ORDER DENYING MOTIONS
## AND
## DIRECTING RESPONDENT TO RESPOND

On August 22, 2016, Petitioner, Michael Gibbs, filed a pro se habeas corpus petition under 28 U.S.C. § 2254 ("Petition").[1] (ECF No. 1.) Now before the Court are Petitioner's motion for stay (ECF No. 2) and motion to lift stay (ECF No. 7), and the Petition for initial review.

By motion dated August 22, 2016, Gibbs requested that the Court stay these federal habeas proceedings during the pendency of his application for permission to appeal ("APA") the denial of his post-conviction appeal. (*See* ECF No. 2.) In his motion to lift stay, filed November 28, 2016, Petitioner reports that the Tennessee Supreme Court denied his APA on October 20, 2016. (*See* ECF No. 7 at 2.) The motion for stay (ECF No. 2) is therefore DENIED as moot. Because no stay order was entered in this case, the motion to lift stay (ECF No. 7) is also DENIED as moot.

It is ORDERED that Respondent file a response to the Petition within twenty-eight (28) days. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts

---

[1] Petitioner is incarcerated at the Hardeman County Correctional Facility, Whiteville, Tennessee. His Tennessee Department of Correction prisoner number is 495367.

("Habeas Rules"). The response shall include the complete trial and appellate record of Petitioner's original case and any subsequent state petitions for collateral relief. The record shall be organized and appropriately indexed.[2] Distinct parts of the record shall be electronically bookmarked for ease of reference in identifying documents relevant to the state court proceedings.

It is further ORDERED that the Clerk send a copy of the Petition and this order to Respondent and to the Tennessee Attorney General and Reporter by certified mail. *See* Habeas Rule 5(e). Petitioner may, if he chooses, submit a reply to Respondent's answer or response within twenty-eight (28) days of service. Petitioner may request an extension of time to reply by filing a motion on or before the due date of his reply. The Court will address the merits of the Petition, or of any motion filed by Respondent, after the expiration of Petitioner's time to reply, as extended.

IT IS SO ORDERED, this 5th day of December, 2016.

**s/ J. DANIEL BREEN**
J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Using the event "Index of State Court Record," Respondent shall file a comprehensive index. The Index shall include the electronic bookmark references which indicate the location of distinct parts of the record (*e.g.*, plea proceedings, pretrial hearing transcripts, *voir dire*, each portion of trial testimony, trial exhibits, jury instructions, verdict, each party's briefs at each level of appeal, each court's final ruling on appeal and collateral proceedings, etc.). The actual record shall be filed as an exhibit(s) to the index.